

# NUMBER 13-25-00509-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALMA RODRIGUEZ,          Appellant,

v.

JUDY ANNE TORRES
AND LEVI MEDINA,          Appellees.

## ON APPEAL FROM THE 445TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

In this case concerning the transfer of real property following a divorce, appellant Alma Rodriguez challenges the trial court's summary judgment dismissing her suit against appellees Judy Anne Torres and Levi Medina. Rodriguez argues the trial court erred because (1) there is a fact issue as to whether appellees fraudulently transferred the

subject properties to prevent Rodriguez from satisfying a judgment against Medina, and (2) res judicata does not apply. We reverse and remand.

## I.  BACKGROUND

Rodriguez and Medina were declared divorced following a jury trial in November of 2021. Among other things, the final decree of divorce divided the parties' community property and listed Medina's separate property to include two specific parcels of real estate in Brownsville. Further, because the jury found in favor of Rodriguez on a claim against Medina for intentional infliction of emotional distress, the decree awarded her $115,000 in damages from Medina.

On June 6, 2022, Rodriguez filed the underlying suit alleging that Medina transferred the two Brownsville properties to his daughter Torres via gift deed after the divorce decree was issued. Rodriguez asserted that, prior to the transfer, she had filed an "Abstract of Judgment" in the Cameron County records with respect to the money judgment in the divorce decree. Accordingly, she sought a declaration that the judgment lien effected by the abstract is valid, *see* TEX. PROP. CODE § 52.001, as well as an order compelling foreclosure and sale of the properties to satisfy her judgment. Rodriguez filed an amended petition on January 26, 2023, alleging appellees conspired to violate and did violate the Uniform Fraudulent Transfer Act (UFTA) by taking these actions. *See* TEX. BUS. & COM. CODE ch. 24.

Appellees answered the suit individually and each filed a motion for traditional and no-evidence summary judgment.[1] In his motion, Medina asserted in part that, because

---

[1] Medina also raised counterclaims of trespass, conversion, and trespass to try title against Rodriguez.

2

Rodriguez "already made a play for [his] real estate" in the divorce case and the divorce court "considered all the evidence" in that proceeding, her claims are barred by res judicata.[2] He additionally argued that Rodriguez "can't prove fraudulent intent" because the properties "had been confirmed to be his separate property, and he could choose to do whatever he wanted to do with his property."[3] Finally, Medina argued there is no evidence: (1) that he "knew or had notice that an Abstract of Judgment had been recorded in the Cameron County Property Records"; (2) "that at the time [he] gifted his real estate to [Torres], either [he] or [Torres] knew an Abstract of Judgment had been filed of record"; (3) "that [he] retained possession or control of the property transferred after the transfer"; or (4) "that the transfer was concealed"; (5) "that [he] was under the threat of a lawsuit when he gifted his property to [Torres], much less that he'd been threatened with suit"; (6) "that the transfer was of substantially all [his] assets" or (7) "that [he] absconded." Evidence attached to Medina's summary judgment motion included the 2021 divorce decree, deeds evidencing the transfers of the subject properties, and Torres's deposition testimony.

In her summary judgment motion, Torres alleged she had "no knowledge that [Rodriguez] had filed an Abstract of Judgment" and "when she found out her father had conveyed to her real estate, she disclaimed the property," "expressed to her father she wanted nothing to do with real estate that belonged to her mother," and "made

---

[2] Medina observed that, in the divorce case, Rodriguez claimed that the subject real estate belonged to the community and sought a disproportionate share of the community estate.

[3] Both appellees argued in their summary judgment motions, without reference to authority, that "[Rodriguez's] fraudulent conveyance claim fails because she filed her lawsuit in 2022 but her cause of action accrued when she filed her divorce in 2017." We note that, under the applicable section of the UFTA, a claimant has at least "four years after the [alleged fraudulent] transfer was made" in which to file suit. *See* TEX. BUS. & COM. CODE § 24.010(a)(1)(2). In any event, this potential ground was not discussed at the summary judgment hearing and appellees do not urge it on appeal.

arrangements to return the property." Torres made the same no-evidence arguments as advanced by Medina.

Rodriguez filed a response to the motions along with evidence, including an affidavit in which she stated that, after her lawsuit was filed and served, Torres transferred the subject properties to a church based in Mexico "without receiving any compensation." Rodriguez further averred that Medina resides in Mexico and that the properties at issue were his "only assets in Texas and the United States." She attached a copy of the abstract of judgment, which reflects that it was filed with the Cameron County Clerk on November 23, 2021.

After a hearing on September 10, 2025, the trial court took the matter under advisement. It later signed orders granting both summary judgment motions and dismissing all of Rodriguez's claims.[4] This appeal followed.

## II. SUMMARY JUDGMENT

### A. Standard of Review

A movant for traditional summary judgment has the burden to establish that no genuine issue of a material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(a)(1), (b)(3)(A). A movant for no-evidence summary judgment may claim, after adequate time for discovery, that there is no evidence of an essential element

---

[4] The latter order stated that it is "final, appealable, and disposes of all claims and parties." Thus, it is final for purposes of appeal, despite the fact that Medina's counterclaims were technically still pending at the time of its issuance. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties."); *see also G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (noting that "[w]hen a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable" and "[t]he court of appeals should treat such a summary judgment as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error").

4

of a claim or defense on which the non-movant would have the burden of proof at trial. *Id.* R. 166a(a)(2), (b)(3)(B). Under either standard, if the non-movant produces more than a scintilla of evidence to raise a fact issue on the challenged elements, then summary judgment is improper. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc.*, 118 S.W.3d at 751 (quoting *Merrell Dow Pharms. Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

We review a trial court's summary judgment ruling de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). We view the evidence in the light most favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts against the motion. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (per curiam); *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009).

## B. UFTA

The purpose of UFTA "is to prevent debtors from defrauding creditors by placing assets beyond their reach." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 89 (Tex. 2015). Accordingly, section 24.005 of the statute provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or defraud any creditor of the debtor . . . .

5

TEX. BUS. & COM. CODE § 24.005(a)(1). In determining "actual intent" under this section,

"consideration may be given, among other factors, to whether":

(1)     the transfer or obligation was to an insider;

(2)     the debtor retained possession or control of the property transferred after the transfer;

(3)     the transfer or obligation was concealed;

(4)     before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5)     the transfer was of substantially all the debtor's assets;

(6)     the debtor absconded;

(7)     the debtor removed or concealed assets;

(8)     the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9)     the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10)    the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11)    the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Id.* § 24.005(b); *see Janvey v. GMAG, L.L.C.*, 592 S.W.3d 125, 128 (Tex. 2019) (noting

UFTA lists these "badges of fraud" because "the intent to hinder, delay, or defraud

creditors is seldom susceptible of direct proof"). UFTA separately provides in section

24.006 that

[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

6

TEX. BUS. & COM. CODE § 24.006(a).

A creditor raising a meritorious UFTA claim may obtain, among other things: (1) "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim"; (2) "an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property"; and (3) costs and reasonable attorney's fees. *See id.* §§ 24.008(a)(1), (a)(3)(A), 24.013; *see also Janvey*, 592 S.W.3d at 126 ("Creditors may invoke [UFTA] to 'claw back' fraudulent transfers from their debtors to third-party transferees."). Moreover, "[i]f a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds." TEX. BUS. & COM. CODE § 24.008(b).

## C.     Analysis

### 1.     Standing

In their responsive brief, appellees first argue the trial court had no jurisdiction over the underlying suit because Rodriguez lacked standing.[5] They note that, although "[Medina] initially transferred the real property to [Torres], [Torres] subsequently transferred the property to the Church." Citing two recent Texas Supreme Court cases, appellees argue Rodriguez's injury would not be redressable by a favorable decision against them and that she was instead "required to sue [the] Church, because only [the] Church could convey or control the property as she demands." *See State v. City of McAllen*, No. 24-1060, 2026 WL 1614384, at *1 (Tex. June 5, 2026) ("Naming the correct defendant is essential when invoking the courts' jurisdiction because the judicial power is

---

[5] Though appellees did not make this argument in their summary judgment motions, standing implicates subject matter jurisdiction and therefore may be reviewed for the first time on appeal. *See, e.g.*, *Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 250 (Tex. 2023).

the power to issue judgments redressing injuries traceable to the defendant."); *Abbott v. Mexican Am. Legis. Caucus, Tex. House of Reps.*, 647 S.W.3d 681, 690 (Tex. 2022) (noting that to establish standing under the common law, a plaintiff must show (1) an injury in fact that is (2) fairly traceable to the defendant's challenged action and (3) redressable by a favorable decision).[6]

This jurisdictional argument lacks merit. As set forth above, a creditor's available remedies under UFTA include "avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim" and "execution on the asset transferred or its proceeds." TEX. BUS. & COM. CODE § 24.008(a)(1), (b). It is undisputed that Rodriguez is a creditor. *See id.* § 24.002(4) ("'Creditor' means a person . . . who has a claim."); *see also id.* § 24.002(3) ("'Claim' means a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."). There is nothing in the statute or the cited cases establishing that a plaintiff must sue the present owner or possessor of the subject property in order to seek these remedies, and appellees direct us to no other authority for this proposition. We therefore conclude Rodriguez had standing to sue both appellees under UFTA. *See Child. of the Kingdom v. Cent. Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 414 (Tex. App.—Eastland 2023, pet. denied) ("When standing is conferred by statute, the common-law criteria regarding standing does not apply."); *In re Sullivan,* 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("In statutory standing cases, such as this, the analysis is a straight statutory

---

[6] In her reply brief, Rodriguez asserts that she did sue the Mexican church and that the church "was a party." However, the appellate record contains no indication that the church was a party to the underlying proceedings, and it is not a party to this appeal.

construction of the relevant statute to determine upon whom the Texas Legislature conferred standing and whether the claimant in question falls in that category.").

### 2. Res Judicata

Medina argued in his summary judgment motion that Rodriguez's claims are barred by res judicata because the issues were already considered in the prior divorce proceeding. Under the doctrine of res judicata, "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992). In this case, Rodriguez is seeking relief for alleged fraudulent transfers which took place *after* the final divorce decree was entered. Accordingly, even if Rodriguez had exercised the utmost level of diligence, the matter could not have been litigated in the divorce proceedings. *See id.*

Moreover, even though Rodriguez's intentional infliction of emotional distress claim was properly raised within the divorce proceedings, *see Twyman v. Twyman*, 855 S.W.2d 619, 625 (Tex. 1993) ("[J]oinder of tort claims with the divorce, when feasible, is encouraged."), the divorce court was without authority to award the subject properties to Rodriguez to satisfy her judgment because they were already determined to be Medina's separate property. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977) ("Trial courts have a broad latitude in the division of the marital community property, but that discretion does not extend to a taking of the fee to the separate property of the one and its donation to the other."). Thus, the relief she seeks in the instant suit was not available in the divorce proceedings. *See Barr*, 837 S.W.2d at 631.

We conclude res judicata does not bar Rodriguez's suit. The trial court erred if it granted summary judgment on these grounds.

### 3.    Fraudulent Transfer

Appellees additionally argued in their summary judgment motions that Rodriguez cannot prove they made any fraudulent transfer. In this regard, they primarily contended there is no evidence they had an "actual intent to hinder, delay, or defraud." TEX. BUS. & COM. CODE § 24.005(a)(1). However, Rodriguez does not necessarily need to show actual fraudulent intent to sustain a claim under UFTA. Her live petition did not specify whether she was seeking relief under section 24.005(a)(1) or section 24.006(a) of the statute. Under the latter provision, when a debt arises prior to a transfer, the creditor may obtain relief merely by showing (1) the debtor made the transfer "without receiving a reasonably equivalent value in exchange" and (2) the debtor "was insolvent at that time" or "became insolvent as a result of the transfer." *Id.* § 24.006(a).

In this case, Torres testified she did not pay Medina anything in exchange for the properties, and she did not receive anything from the church in Mexico in exchange for the properties. Rodriguez stated in her affidavit that the properties were Medina's "only assets in Texas," and Torres stated in her deposition that she was not aware of any other properties her father might have. *See id.* § 24.003(a) ("A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation."). This evidence alone generates a fact issue as to liability under section 24.006(a). *See id.* § 24.006(a).

In any event, we conclude Rodriguez also met her burden to avoid summary judgment on actual fraudulent intent under § 24.005(a)(1). "Actual intent to defraud

creitors ordinarily is a fact question." *Qui Phuoc Ho v. MacArthur Ranch, LLC*, 395 S.W.3d 325, 328 (Tex. App.—Dallas 2013, no pet.). "Circumstantial proof may be used to prove fraudulent intent because direct proof is often unavailable." *Id.*; *see Janvey*, 592 S.W.3d at 128; *Hahn v. Love*, 321 S.W.3d 517, 525–26 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("Intent is a fact question uniquely within the realm of the trier of fact because it so depends upon the credibility of the witnesses and the weight to be given to their testimony.").

Appellees argued in their summary judgment motions that Rodriguez had no evidence of several of the "badges of fraud" factors listed in the statute.[7] *See* TEX. BUS. & COM. CODE § 24.005(b). But Rodriguez did not need to show evidence of *every* factor in order to generate a fact issue on actual intent. *See id.*; *Wohlstein v. Aliezer*, 321 S.W.3d 765, 777 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (noting "there is no magic number of factors that must exist" to support a finding of actual fraudulent intent under UFTA); *see also Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 566–67 (Tex. 2016) ("Evidence of a single 'badge of fraud' does not conclusively demonstrate intent, but a confluence of several presents a strong case of fraud.").[8]

---

[7] Neither appellee disputed that they are "debtors" for purposes of UFTA. *See* TEX. BUS. & COM. CODE § 24.002 ("'Debtor' means a person who is liable on a claim.").

[8] Appellees also argued there was no evidence they had knowledge of the abstract of judgment at the time of the transfers; however, this is not an element which Rodriguez had the burden to show under any section of the UFTA. *See* TEX. R. CIV. P. 166a(a)(2). In any event, it is undisputed that Rodriguez properly filed the abstract before the transfers were made, and appellees therefore had constructive notice of it and the corresponding judgment lien. *See* TEX. PROP. CODE § 13.002(1) ("An instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument . . . ."); *Austin v. Coface Seguro de Credito Mex., S.A. de C.V.*, 506 S.W.3d 707, 711 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("An abstract of judgment constructively notifies the public that a judgment lien exists that encumbers a piece of property.").

Here, several "badges of fraud" are firmly established by the evidence. First, Medina transferred the properties to an insider. *See* TEX. BUS. & COM. CODE § 24.005(b)(1); *see also id.* § 24.002(7)(A)(i) (providing that "insider" includes "a relative of the debtor"). Second, Torres testified in her deposition that her father directed her to transfer the properties to the Mexican church and wired her money to pay taxes on the properties, thus demonstrating that Medina "retained . . . control of the property transferred after the transfer." *Id.* § 24.005(b)(2). Third, Rodriguez sued Medina as part of the divorce proceedings and obtained a money judgment before Medina made the first transfer, and Rodriguez sued Torres before Torres made the second transfer. *See id.* § 24.005(b)(4). Fourth, as set forth above, there was evidence indicating the properties constituted all of Medina's recoverable assets and that he became insolvent as a result of the transfers. *See id.* § 24.005(b)(5), (b)(9). Fifth, appellees received no consideration for the transfers. *See id.* § 24.005(b)(8).

Finally, the trial court signed the divorce decree containing the money judgment against Medina on November 19, 2021, and Medina signed the gift deed conveying the subject properties to his daughter on December 2, 2021. Evidence that Medina made the transfer less than two weeks after he incurred a $115,000 debt strongly supports a finding of actual intent to defraud. *See id.* § 24.005(b)(10). Similarly, the record reflects that Torres was served with Rodriguez's suit on July 13, 2021, and that she signed a quitclaim deed conveying the properties to the church in Mexico on August 5, 2021. Torres acknowledged in her deposition that she knew about her father's debt to Rodriguez before the subject transfers were made. This evidence also supports a finding of actual fraudulent intent. *See Janvey*, 487 S.W.3d at 566 (noting the list of factors in section

24.005(b) is not exclusive).

Because there was more than a scintilla of evidence to support both appellees' liability under UFTA, summary judgment dismissing Rodriguez's claims was improper.[9] *See* TEX. R. CIV. P. 166a(a); *Amedisys*, 437 S.W.3d at 511.

### III. CONCLUSION

Rodriguez's issues on appeal are sustained. We reverse the trial court's judgment and remand for further proceedings consistent with this memorandum opinion.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
16th day of July, 2026.

---

[9] Rodriguez observes in her brief that, based on this evidence, she "could be entitled to her own summary judgment against [Medina] and [Torres] for their fraudulent transfers." However, she did not move for summary judgment in the trial court. Accordingly, we express no opinion on the matter.